## Thompson et al. v. Findley Township School Directors

*D. W. Patterson*, for petitioners.

*Stranahan & Sampson*, for respondents.

ROWLEY, P. J., January 10, 1947.—This is a petition for mandamus to require school directors to provide

free transportation for certain elementary school pupils.

## Findings of fact

1. Petitioners are residents of Findley Township, Mercer County, Pa.

2. Findley Township School District is a district of the fourth class.

3. Petitioners' children of school age include Donald Thompson, aged six years; James D'Angio, aged nine; David D'Angio, aged seven; Virginia Hite, aged 14; Robert Hite, aged 12, and Witsey Hite, aged 10, all of whom reside with parents in Findley Township in proximity to each other.

4. The Amberson school, distant one and seven tenths miles from homes of the pupils in question, was closed in 1918.

5. Respondents admit that there is no school in Findley Township within one and one half miles of the homes. The Crill school, which is nearest, is three miles distant.

6. The instant pupils have been attending elementary school in the Borough of Mercer School District, and the Findley School District has been paying their tuition.

7. There are two possible routes from petitioners' homes to the school in Mercer, which the children have been attending. One of these is designated as the Scrubgrass Road. This is the route the children have been using. It is a paved State highway. The distance via Scrubgrass Road exceeds one and one half miles. The other route is known as Oakland Hill Road. This course is apparently 7,720 feet in length. The westerly section of this course is largely within the Borough of Mercer and extends easterly to the foot of Oakland Hill. From this point, the road ascends the hill and extends a distance of 2,480 feet to a point near the residences of petitioners. The principal part of this

2,480 feet traverses a steep hill. This road is the boundary line between the Townships of Findley and Coolspring.

8. Oakland Hill Road has long been impassable for any vehicular travel.

9. About half of Oakland Hill is rock. "The rock comes right up to the top and you can't keep a ditch in there. It's all rock. An old stone quarry comes out there and the rock pops out in the road." The road cannot be worked with a road machine because of the rock composition.

10. Throughout a length of 2,420 feet, the road is strewn with loose stones, some of tremendous size. Much of it is a mass of stones, bearing no resemblance to a highway.

11. The deep, unguarded and dangerous roadside ditch at points has eroded to the middle of the road.

12. The road is cut by numerous gullies, both transversely and longitudinally, some of which extend entirely across the roadbed; some are more than two feet in width and depth.

13. The road offers serious hazards to pedestrian travel.

14. Entrances to the road over Oakland Hill have been barricaded and "Road Closed" signs posted by the road supervisors.

15. The hearing upon the petition was completed November 5, 1946. The matter was argued by counsel on December 30, 1946. On November 8, 1946, the supervisors of the Townships of Findley and Coolspring petitioned the court to vacate 2,175 feet of the road which traverses Oakland Hill. On November 25, 1946, the court confirmed nisi the report of viewers which recommended such vacation.

16. Findley Township School District is a district of the fourth class.

## Discussion

The Act of 1931, P. L. 243, sec. 34, 24 PS §1378, provides,

*"In any district of the fourth class or township which is a district of the third class, elementary school pupils who reside within that part of the school district last served by any elementary school closed since the first Monday of July, one thousand nine hundred and seven, or within a district all of whose schools have been closed, or who are assigned to a training school of a State Normal School, and reside one and one half miles or more from the school to which they are assigned, shall be furnished proper transportation, at the expense of the district, to and from the elementary school to which they are assigned."* (Italics supplied.)

It is conceded that there is no school in Findley Township located within one and óne half miles of the residences of petitioners. Inasmuch as the Findley district has been paying tuition to the Mercer district for the pupils in question, it must be assumed that the children were duly assigned. It is undisputed that the Amberson school, which was closed in 1918, was the school nearest petitioners' residences.

The only question raised by respondents is whether the distance from petitioners' homes to the Mercer school is to be measured via the Scrubgrass Road or the Oakland Hill Road.

Respondents testified that the course over Oakland Hill measures 7,720 feet, which is 200 feet less than the distance beyond which free transportation must be provided. This measurement was made with a wire 100 feet long. One might wonder whether such a method would produce an accurate measurement of such a distance in the instant circumstances. However, in the absence of better evidence we are constrained to accept the measurement.

Declaring that the distance via Oakland Hill is less than one and one half miles, respondents argue that the defective road is chargeable to the township supervisors and, therefore, that petitioners must obtain relief by appropriate proceeding against the supervisors. But for the peculiar circumstances here existing, the point might be well taken. However, this is not a situation which has arisen through negligence of road supervisors. The Oakland Hill Road has served but few. Presumably, the improvement of other nearby highways, notably the Scrubgrass Road, has attracted the traffic from the Oakland Road. The ensuing scant use of the Oakland Road clearly would not warrant the supervisors in undertaking the unusual construction required by the character of the road at a cost entirely out of proportion to the resources of the township.

Respondents argue that until Oakland Hill Road is formally vacated by judicial proceeding, it must be regarded a public road in measuring the distance from petitioners' homes to the school.

Ignoring the fact that the court has confirmed nisi the vacation of the Oakland Road, it is our considered opinion that we must view the instant question realistically.

The neglect of road repairs cannot be permitted to impose the burden of free transportation upon a school district, but where, as here, a particular road has been virtually abandoned, and has become impassable because peculiar circumstances render it impracticable to maintain it as a usable and safe highway, it would be wholly irrational to hold that such a road measures the distance between home and school.

An examination of seven photographs produced by petitioners cannot fail to convince that the road is unsafe for adult pedestrians in fairest weather, notwithstanding that two of the school directors walked over the course without mishap.

It is clear that petitioners' children are within the group for whom the school district is required to provide transportation to and from the school to which they are assigned.

*Order*

And now, January 10, 1947, this matter came on for hearing upon petition for a writ of mandamus, and same was heard, whereupon after due consideration it is ordered, adjudged and decreed that Park Lessner, Robert Shipton, Mrs. William Courtney, George Fox, and Russell Buckley, school directors of Findley Township School District, forthwith furnish proper transportation, at the expense of the district, to and from the elementary school to which they are assigned, for Donald Thompson, James D'Angio, David D'Angio, Virginia Hite, Robert Hite and Witsey Hite.

Respondents to pay the costs of this proceeding.